**Lowell P. McKelvey**, OSB #993200
Email: lowell@mckelveykozuma.com
MCKELVEY KOZUMA BURKE P.C.
3635 South Hood Avenue
Portland, OR 97239
Telephone: 503-206-8122
Facsimile: 503-477-9132

*Attorneys for Plaintiff Alexander Gonzalez*

**Jeffrey D. Hern,** OSB #043138
Email: jhern@schwabe.com
**Rebecca A. Boyette**, OSB #135024
Email: rboyette@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Attorneys for Defendant Future Motion, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALEXANDER GONZALEZ,<br><br>Plaintiff,<br>v.<br><br>FUTURE MOTION, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:21-cv-00060-HZ<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26.

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns product liability claims. The parties expect to exchange information that may be considered confidential, trade secret, proprietary, or commercially sensitive information of the parties and third parties, including documents related to product design and development. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code"[1] shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party or any person listed in paragraphs 7(b), (c), and (d) for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific

[1] The definition of "Highly Confidential Source Code" and the procedures for production of such information are set forth in Exhibit B to this Stipulation. Due to the highly sensitive nature of source code infomation, special procedures for production are warranted.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. As used herein, "designating party" shall refer to the party or third party designating any document, testimony, or other material as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" under this Protective Order. The designating party shall designate each page of the document with a stamp identifying it as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" if practical to do so.

4. If portions of documents or other materials deemed "Confidential", "Attorneys' Eyes Only," or "Highly Confidential Source Code" or any papers containing or making reference to such materials, are filed with the Court, the party shall file the confidential materials under seal and marked as follows or in a substantially similar form:

> CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.
>
> *Or*



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

HIGHLY CONFIDENTIAL SOURCE CODE - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED WITH THE SAME PROTECTIONS AFFORDED TO PRODUCTIONS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER

If a party is filing a document that it has itself designated as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" that party shall reference this Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" information and documents subject to this Protective Order shall not be filed with the Court or



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

included in whole or in part in pleadings, motions, briefs, or other documents filed in this case, except when any portion(s) of such pleadings, motions, briefs, or other documents have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, and documents shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

(a) Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

(b) In-house counsel for the parties, and the administrative staff for each in-house counsel.

(c) Any party to this action and any employee, director, officer, or manager of any party, as such party's counsel may deem reasonable for purposes of this litigation.

(d) Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

(e) The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

(f) The authors and the original recipients of the documents.

(g) Any court reporter or videographer reporting a deposition.

(h) Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only" or "Highly Confidential Source Code" including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g), and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential", "Attorneys' Eyes only" or "Highly Confidential Source Code", any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10. Whenever information designated as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, pre-trial proceeding, dispute resolution, trial, or appellate proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 7 or 8, as appropriate, for that portion of the deposition, hearing, pre-trial proceeding, dispute resolution, trial, or appellate proceeding, unless additional persons are stipulated by counsel for the designating party or as authorized by the Court.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" , "Attorneys' Eyes Only" or "Highly Confidential Source Code" The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential", "Attorneys' Eyes Only," or "Highly Confidential Source Code" or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential", "Attorneys' Eyes Only" or "Highly Confidential Source Code"



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

14. Upon the request of the producing party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

SO STIPULATED:

Dated: May 27, 2021

SCHWABE, WILLIAMSON & WYATT, P.C.

s/ Rebecca A Boyette
Jeffrey D. Hern, OSB #043138
Email: jhern@schwabe.com
Rebecca A. Boyette, OSB #135024

Email: rboyette@schwabe.com
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

NILAN JOHNSON LEWIS PA
Christine M. Mennen (*Pro Hac Vice*)
Email: cmennen@nilahnjohnson.com
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: 612-305-7500
Facsimile: 612-305-7501

*Attorneys for Defendant Future Motion, Inc.*

Dated: May 27, 2021

s/ Lowell P. McKelvey

Lowell P. McKelvey, OSB #993200
MCKELVEY KOZUMA BURKE P.C.
3635 South Hood Avenue
Portland, OR 97239
Telephone: 503-206-8122
Facsimile: 503-477-9132

*Attorneys for Plaintiff Alexander Gonzalez*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: ______________________

November 8, 2021



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

EXHIBIT A

I, ________________________________, have been advised by counsel of record for ______________________________ in ________________________ of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

____________________________________
Signed

____________________________________
Printed

____________________________________
Date



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

EXHIBIT B

PROCEDURE FOR PRODUCTION OF HIGHLY CONFIDENTIAL SOURCE CODE

A. Definition of HIGHLY CONFIDENTIAL SOURCE CODE": Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

B. Definition of EXPERT: For purpose of reviewing Highly Confidential Source Code, an expert is a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

PROCEDURES FOR PRODUCTION OF HIGHLY CONFIDENTIAL SOURCE CODE:

(a) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours on a mutually agreed upon date(s), at an office of the Producing Party, the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the party receiving the produced information ("Receiving Party") shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(b) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a). The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form by filing an appropriate motion, after the parties have met and conferred to try to resolve the dispute.

(c) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981